Sun v. Barr

BIA
Leeds, IJ
A205 240 400

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13ᵗʰ day of August, two thousand nineteen.

PRESENT:
> DENNIS JACOBS,
> DEBRA ANN LIVINGSTON,
> RICHARD J. SULLIVAN,
> > *Circuit Judges.*

_____

XIAOQIAN SUN,
> *Petitioner,*

v.                                                          17-2800
                                                            NAC

WILLIAM P. BARR,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Wei Gu, Albertson, NY.

FOR RESPONDENT:            Chad A. Readler, Acting Assistant
                           Attorney General; John S. Hogan,
                           Assistant Director; Matthew A.
                           Spurlock, Trial Attorney, Office
                           of Immigration Litigation, United
                           States Department of Justice,
                           Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiaoqian Sun, a native and citizen of the People's Republic of China, seeks review of an August 16, 2017, decision of the BIA affirming a February 3, 2017, decision of an Immigration Judge ("IJ") denying Sun's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiaoqian Sun,* No. A205 240 400 (B.I.A. Aug. 16, 2017), *aff'g* No. A205 240 400 (Immig. Ct. N.Y. City Feb. 3, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions. *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review adverse credibility determinations under a substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). The governing REAL ID Act credibility standard provides as

follows:

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *see* 8 U.S.C. § 1252(b)(4)(B). As discussed below, substantial evidence supports the agency's determination that Sun was not credible.

"[A] material inconsistency in an aspect of [the applicant]'s story that served as an example of the very persecution from which [s]he sought asylum" can provide substantial evidence for an adverse credibility ruling. *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir.

3

2006) (quoting *Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005)). Although "asylum applicants are not required to list every incident of persecution" in their applications, *Pavlova v. INS*, 441 F.3d 82, 90 (2d Cir. 2006), the agency may reasonably conclude that an applicant lacks credibility if her application and testimony "described the same incidents of persecution differently," *Lianping Li v. Lynch*, 839 F.3d 144, 150 (2d Cir. 2016). Moreover, "IJs must distinguish between (1) omissions that arise merely because an applicant's oral testimony is more detailed than his or her written application, and (2) omissions that tend to show that an applicant has fabricated his or her claim." *Hong Fei Gao*, 891 F.3d at 82.

In Sun's case, the agency reasonably found that her supplemental statement and testimony contradicted, rather than supplemented, her initial description of her abortion, and suggested that she had fabricated her claim. Absent the additional information that the abortion was forced, Sun's application did not state an asylum claim. *See* 8 U.S.C. § 1101(a)(42) (extending refugee definition to cover "person who has been *forced* to abort a pregnancy or to undergo

4

*involuntary* sterilization" (emphasis added)). Whereas Sun's asylum application and initial statement alleged that she had an abortion under pressure from her ex-boyfriend's parents, she made no mention of any involvement of family planning authorities. By contrast, her supplemental statement and testimony claimed that two family planning officers came to her parent's home, "dragged" her to the local hospital, and physically compelled her to have an abortion.

The IJ was not required to credit Sun's explanation that she did not know which details to include in her initial statement because she was represented by counsel and her initial statement described the involvement of family planning authorities in her mother's forced abortion in 1999. *See Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a plausible explanation for [her] inconsistent statements to secure relief; [s]he must demonstrate that a reasonable fact-finder would be *compelled* to credit [her] testimony." (internal quotation marks and citations omitted)).

The agency also reasonably found that Sun's corroborating evidence did not rehabilitate her testimony. *See Biao Yang*

5

*v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The IJ gave full weight to the medical records of Sun's 2007 abortion but concluded that they did not state or imply that Sun's abortion was involuntary. And the IJ was permitted to give limited weight to the letters from Sun's mother, friend, and ex-boyfriend, none of whom were available for cross examination. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013). Moreover, only the ex-boyfriend stated that family planning officials forced Sun to have an abortion; Sun's mother and friend did not state whether the abortion was forced or voluntary.

The material inconsistency regarding whether Sun's abortion was forced or voluntary provided substantial evidence for the adverse credibility ruling. *See Xian Tuan Ye*, 446 F.3d at 295; *Majidi*, 430 F.3d at 81. Because Sun's claims were all based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal

6

that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                   FOR THE COURT:
                                   Catherine O'Hagan Wolfe,
                                   Clerk of Court